MARY FRANCES GULICK

v.

WILLIAM GULICK.

A suit was brought by a wife against her husband and children to determine a dispute as to a trust in certain lands, and was decided.  Afterwards a mortgage on the premises prior to the trust was foreclosed, the lands sold, and some $200 surplus remained.—*Held*, that the wife was entitled thereto on account of the costs in the first suit, in preference to a creditor who had obtained a judgment against her before such suit was begun.

On petition for surplus moneys.

*Mr. J. F. Hageman*, for petitioner.

*Mr. W. J. Gibby*, for W. V. Scudder.

BIRD. V. C.

The petitioner, Mary Frances Gulick, who was the complainant in the above cause, claims $218.01.  These moneys came into court under foreclosure proceedings in another suit, in which the above-named parties were defendants, upon a mortgage given by them.  After they had executed and delivered the mortgage, a dispute arose between them as to their respective rights and inter-

ests in the property, and, among other things, it was decided by the chancellor that the premises in dispute were held in trust for the children and grandchildren of the parties.   During the pendency of these proceedings the premises were sold, as above stated, to satisfy a mortgage given for money loaned.   After the payment of the mortgage the $218.01 remained.   Mrs. Gulick insists that she is entitled to have her costs, incurred in the above-stated suit, paid out of this surplus.   She rests her claim on the ground that the suit was instituted to ascertain the rights of the parties, and that, amongst other things, as above stated, the court declared that the property was held in trust, which, being so, she claims that she is entitled to her costs out of the estate.   The law seems to be well settled that in such case the estate or fund sought to be protected or administered, or the true character of which is sought to be established, shall pay the costs of the litigation.   *2 Dan. Ch. Pl. & Pr. (4th ed.) 1377, 1411; 2 Perry on Trusts* §§ *894, 899.*   The principles on which these authorities stand, give the costs in this case to Mrs. Gulick out of the fund.

But Mr. Scudder comes in with his judgment, and claims, by virtue thereof, title to these same moneys.   His judgment was obtained against one of the parties prior to the suit to foreclose the mortgage, by virtue of which he was made a party to that suit, and obtained a decree in his favor for the amount of the judgment.   But, it appearing before his judgment was satisfied that these lands were only held in trust by the judgment debtor, and that Mr. Scudder had no claim whatever against the *cestuis que trustent,* who were not parties to the foreclosure proceedings, the moneys arising from the sale, after satisfying the mortgage, were ordered paid into court.   Mr. Scudder thinks he has as good a title to this money as Mrs. Gulick.   Indeed, he claims that his lien or right is as substantial as that of the mortgagee, who had a lien upon the lands by virtue of his mortgage as he has had by virtue of his judgment.   It is not for me to determine the rights of Mr. Scudder, by a comparison with the mortgagee, who is out of court and has his money, nor with Mrs. Gulick as a creditor simply.   The only question for me to deter-

Ver Duin v. Ver Duin.

mine is whether these moneys are first subject to the payment of the costs incurred in the litigation in establishing their character. My understanding is that in every such case creditors, whether they be by simple contract or by judgment, or have special liens, are always postponed to the payment of the costs. This is a familiar rule and adopted in every court.

The costs incurred in the litigation being greatly in excess of the fund in court, I will advise an order directing the payment of the $218.01 to the petitioner, Mrs. Gulick, to be applied to the payment of her costs in the above-stated case.